**NORTH AMERICAN SHIPPING CO., INC., v. FUND DEPOSITED WITH TREASURER OF UNITED STATES.**

**THE HARJURAND.**

No. 1549.

District Court. D. Delaware.

June 27, 1946.

William Poole (of Southerland, Berl & Potter), of Wilmington, Del., and Harold B. Finn, of New York City, for libelant.

W. Thomas Knowles, Asst. U. S. Atty., of Wilmington, Del., and Thomas F. McGovern, Sp. Atty., of Washington, D. C., for the United States.

Thomas Cooch (of Marvel & Morford), of Wilmington, Del., for Theodor Liiman et al., owners.

LEAHY, District Judge.

1. Libelant has been a Delaware corporation since June 1941.

2. Jacob Jurison, Theodor Liiman, Nihkel Kolumbus and Juri Silberberg were, prior to 5 p. m. June 1, 1942, citizens of the Republic of Estonia who did not reside within this district and at all such times were the owners of the steamship Harjurand formerly of Estonian registry but of Panamanian registry from July 11, 1941, until 5 p. m. on June 1, 1942.

3. On July 11, 1941, Jurison, Liiman, Kolumbus and Silberberg, as owners of the Harjurand, through their attorney-in-fact, Johannes Kaiv, Acting Consul General of Estonia in New York, entered into a general managing agency contract in writing with libelant whereby libelant, among other things, agreed to manage and operate the steamship and to make advances of money necessary in connection therewith.

4. Libelant assumed its duties as managing agent under the contract shortly thereafter and continued to act in such capacity until May 9, 1942, when the Harjurand was redelivered at Wilmington, Delaware, under a time charter party pursuant to which the vessel had been chartered to Shaw Steamship Company, Ltd.

5. During the course of libelant's activities under the contract, libelant ad-

vanced for account of the owners a total sum of $71,536.14, which sum includes interest up to June 1, 1942 but not thereafter. The amounts advanced are proved by the testimony of Charles Mossberg and the exhibits marked in connection therewith. The detail of the accounts is as follows:

| | Credit | Debit |
|---|---|---|
| Exhibit 1—Preliminary and Voy 1 | | $38,032.52 |
| " 2—Supplementary Voy 1 | | 991.06 |
| " 3—Voy 2 | | 782.78 |
| " 4—Voy 3 | 383.59 | |
| " 5—Voy 4 | | 1,277.18 |
| " 6—Voy 5 | | 3,978.86 |
| " 7—Voy 6 | | 2,571.59 |
| " 8—Voy 7 | | 5,750.31 |
| " 9—Voy 8 | | 2,885.21 |
| " 10—General Average | | 3,861.85 |
| " 11—Time Charter | | 13,702.06 |
| " 12—Credit from Shaw Steamship Co. | 422.62 | |
| " 13—Charging off commissions set aside for A/B A. H. Vang, Ltd., Helsingfors | 1,017.26 | |
| " 14—Karjus suit | 1,073.81 | |
| | 2,897.28 | 74,433.42 |
| Total balance due North American Shipping Co., Inc. | 71,536.14 | |
| | $74,433.42 | $74,433.42 |

6.  No part of the sum of $71,536.14 has been repaid to libelant by the owners or anyone else.

7.  On May 28, 1942, libelant filed a libel in this court (Admiralty No. 1534) against the steamship Harjurand in rem and against Jacob Jurison, Theodor Liiman, Mihkel Kolumbus and Juri Silberberg as owners of the steamship Harjurand in personam in a cause of contract, civil and maritime, seeking the recovery of advances made in operating the Harjurand as set out above.

8.  On May 28, 1942, libelant caused the Harjurand to be attached under process issued by this court and the vessel was so attached under libelant's libel by way of an attachment lien.

9.  Subsequently at 5 p. m. on June 1, 1942, while the Harjurand was in the custody and possession of the marshal under the attachment, the United States War Shipping Administrator, acting by authority of the President of the United States, requisitioned and took over the title to and the possession of the Harjurand pursuant to the provisions of the Act of Congress of June 6, 1941, Public Law 101, 77th Cong., 50 U.S.C.A.Appendix, § 1271 et seq.

10.  Subsequently a sum was deposited with the Treasurer of the United States as a fund as compensation for the Harjurand, her engines, boilers, etc., and the deposit constitutes the fund against which the instant libel is filed.  On the basis of these special findings, the conclusions are:

At the time of the requisition of the Harjurand the owners, Jacob Jurison, Theodor Liiman, Mihkel Kolumbus and Juri Silberberg, were indebted to libelant in the amount of $71,536.14; hence the libelant herein had subsisting against the owners a valid claim for $71,536.14, with interest thereon from June 1, 1942, by way of attachment lien upon the said vessel.  Libelant is, therefore, entitled to a decree against the fund in the amount of $71,536.14, with interest thereon from June 1, 1942, or to such amount as remains in the fund after the satisfaction of the decrees of this Court against the fund in Admiralty Cases Nos. 1540 and 1547,[1] whichever is lesser, the claim of the instant libelant being junior in rank to the claims of libelant Marritt-Chapman & Scott Corporation in Admiralty Case No. 1540 [1] and libelant Paul Anderson in Admiralty Case No. 1547.[1]

Let such a decree be entered.

---

[1] No opinions.